# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **RECOG IP LLC,**<br><br>      Plaintiff,<br><br>      v.<br><br>**BELK, INC.,**<br><br>      Defendant. | Case No. 6:23-cv-415 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Recog IP LLC ("Recog IP" or "Plaintiff") files this Complaint for patent infringement against Belk, Inc. ("Belk" or "Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 17330 Preston Rd, Suite 200D, Dallas, Texas 75252.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with a place of business in this judicial District at 2700 Loop 340, Waco, TX 76711-2408.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United Sates, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in the Western District of Texas. Specifically, Defendant provides its full range of services to residents in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Defendant has retail stores in this District, including a store located at 2700 Loop 340, Waco, TX 76711-2408. In addition, Recog IP has suffered harm in this District.

## PATENT-IN-SUIT

6.     Recog IP is the assignee of all right, title and interest in United States Patent No. 7,296,062 (the "'062 Patent" or the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Recog IP possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '062 PATENT

7.     On November 13, 2007, the United States Patent and Trademark Office issues the '062 Patent. The '062 Patent is titled "Method for Generating a Presentation for Re-locating an Information Page that has Already Been Called." The application leading to the '062 Patent was filed on March 28, 2002 and claims priority to a German application filed on March 30, 2001. A true and correct copy of the '062 Patent is attached hereto as Exhibit A and incorporated herein by reference.

8. The '062 Patent is valid and enforceable.

9. The inventors recognized that there was a need for Internet users to be able to view and return to a webpage they have previously visited. Ex. A at 2:36-41.

10. The invention in the '062 Patent provides a method for generating a presentation for the re-location of an information page that was already called proceeding from a home page of an information vendor, and which has been exited in the meantime. *Id.*, 2:17-28.

11. To this end, the inventors recognized the importance of tracking user shopping data, and the claimed invention therefore has the vendor server register users via cookies. *Id.*, 4:32-39. ("Via the cookie, the registration software running on the server 20 can thus register the computer 1, and thus indirectly register the user 5, when calling the home page 50 of the information vendor.").

**COUNT I**
**(Infringement of U.S. Patent No. 7,296,062)**

12. Recog IP incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Belk has been and continues to directly infringe at least claim 1 of the '062 Patent in this District and elsewhere in the United States by providing a method, for example, Defendant's website, which generates a presentation for re-locating an information page that had been called, via a network selected from the group consisting of the Internet, an intranet, and an extranet, from a home page of an information vendor having a vendor server and which has subsequently been exited. For example, Defendant's website opens a dialog box showing recently viewed items and is placed on Defendant's web pages. *See* Figures 1-3, available at http://www.Belk.com/.



*Figure 1. Showing that the first time a user enters the Belk website and a product information website is opened, there is no dialog box/section.*



*Figure 2. Showing that, when a second product information website is opened, then the "Recently Viewed" dialog box/section is shown containing the product pages viewed by the user during that user's session.*



*Figure 3. Showing that, the recently viewed products within the "Recently Viewed" dialog box contain links to their respective product pages.*

14. Belk's website performs the step of claim 1(a): "having a user, via a user computer in communication with the vendor server, call a home page, comprising home

COMPLAINT FOR PATENT INFRINGEMENT                                                                 PAGE | 4

page contents, of an information vendor, registering the user at the vendor server." For example, Belk's website allows users to visit Defendant's website, open the home page, view the products offered by Belk, and register on the vendor server *via cookies*. *See* https://www.Belk.com (Belk's "home page"); *see also* Ex. A, 4:32-39.

15.    Belk's website performs the step of claim 1(b): "registering information pages of the information vendor called by the user directly and indirectly proceeding from the home page at the vendor server." For example, Belk's website temporarily stores the visited information product pages on a server, and the vendor server analyzes the Recently Viewed Cookie to build a new product page, including integration of the Recently Viewed section according to the current contents of the received Recently Viewed Cookie until the vendor server sends the new information product page and the updated Recently Viewed Cookie to the user computer. *See* Figures 1-3.

16.    Belk's website performs the step of claim 1(c): "only temporarily generating a displayable presentation at the vendor server, for display at the user computer which visually identifies a sequence of the information pages of the information vendor called by the user, and deleting the presentation from the vendor server, with no storage of the presentation or the information pages at the vendor server, when the user exits an information session with the information vendor." For example, the product pages of Belk's website shown in the Recently Viewed dialog box are temporary. When browsing in incognito mode or after clearing cookies, the product pages from a previous session are no longer shown in the Recently Viewed dialog box. Even the Recently Viewed dialog box is not shown until a second product website is visited again. *See* Figure 4-5.





*Figure 4 and 5. Belk's website does not show product pages from a previous session in the recently viewed dialog box if cookies are cleared or the user browses in incognito mode. Even the "Recently Viewed" dialog box/section is not shown until a second product website is visited (again).*

17.  **Induced Infringement.** Belk has also actively induced, and continues to induce, the infringement of at least claim 1 of the '062 Patent by actively inducing its customers, including merchants and end-users to use Belk's website in an infringing manner as described above.  At least as of the service of this Complaint, Belk has known of the '062 patent and its infringement of claim 1 of the '062 patent.  Upon information and belief, Belk has specifically intended that its customers use its website that infringe at least claim 1 of the '062 Patent by, at a minimum, providing access to support for, training and instructions for, its website to its customers to enable them to infringe at least claim 1 of the '062 Patent, as described above. Even where

performance of the steps required to infringe at least claim 1 of the '062 Patent is accomplished by Belk and Belk's customer jointly, Belk's actions have solely caused all of the steps to be performed.

18. Recog IP is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

19. Recog IP will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant, granting the following relief:

A. A declaration that the Defendant has infringed the Patent-in-Suit;

B. An award of damages to compensate Recog IP for Defendant's direct infringement of the Patent-in-Suit;

C. An order that Belk and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy Defendant's willful infringement of the Patent-in-Suit under 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and an award to Recog IP of reasonable attorneys' feed, expenses and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other relief as this Court or jury may deem proper and just.

## JURY DEMAND

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated: June 2, 2023

Respectfully submitted,

By: */s/ David Bennett*
David R. Bennett
Illinois Bar No. 6244214
(*Admitted to U.S. District Court for the Western District of Texas*)
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF RECOG IP LLC**